IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

HASINAH KODA EL,

    Plaintiff,

v.                                        Case No. 1:17-cv-279-MW-GRJ

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## AMENDED REPORT AND RECOMMENDATION

Pending before the Court is ECF No. 6, Plaintiff's first amended complaint. Plaintiff filed this complaint against Ms. Louder, supervisor of the Social Security Administration,[1] alleging that she discriminated against Plaintiff in denying his application for a name change on his Social Security card. (ECF No. 6.)

The undersigned reviewed the amended complaint and recommended dismissal of the complaint for failure to state a claim that Ms. Louder discriminated against Plaintiff or violated any of Plaintiff's rights

---

[1] On the cover page of Plaintiff's complaint, he wrote "Social Security Administration, Ms. Louder," as Defendants. In Section I of the complaint, however, he only listed Defendant is "Ms. Louder," supervisor of the Social Security Administration. (ECF No. 6 at 3.) Accordingly, the Court construes Plaintiff's complaint as against Ms. Louder only.

and because Plaintiff failed to show that he followed the proper procedures for review of his name change application in accordance with those provided by the Social Security Administration. (ECF No. 7.) Plaintiff objected to this recommendation, asserting for the first time that he appealed the Social Security Administration's denial of his application and that this appeal was dismissed. (ECF No. 8.) The district judge then remanded the case to the undersigned for further consideration of the complaint in light of Plaintiff's objections. (ECF No. 9.)

The undersigned has now reviewed Plaintiff's amended complaint along with his objections, and the undersigned recommends that Plaintiff's complaint be dismissed without leave to amend for the following reasons.

## DISCUSSION

Plaintiff alleges that he filed an application to have his name change reflected on his Social Security card, but Ms. Louder denied the application. Plaintiff says the notice denying his application stated that he needed a state court order; however, he argues the application should have been accepted because he submitted a tribal court order, which is acceptable according to the Social Security Administration's website. (ECF No. 6.)

Because he believes his tribal court order should have been

accepted as proof of his name change, Plaintiff alleges Ms. Louder denied his application for a name change based on discrimination of his national origin. Plaintiff alleges that the denial of his name change application is a violation of Articles 6 and 21 of the United Nations Declaration on the Rights of Indigenous Peoples ("UNDRIP") and the Ninth and Tenth Amendments of the U.S. Constitution. (ECF No. 6.)

As a result of this alleged discrimination, Plaintiff filed the pending complaint against Ms. Louder in her official capacity only, requesting $200,000 and for his name change to be reflected on his Social Security card. (ECF No. 6.)

The undersigned has considered Plaintiff's amended complaint and objections and concludes that the complaint should be dismissed because Plaintiff has failed to show that he exhausted the available administrative procedures before filing his complaint and because Plaintiff failed to state a claim on which relief may be granted.

To the extent Plaintiff's complaint requests that the Court order the Social Security Administration to accept his name change based on the tribal court order and have it reflected on his Social Security card, Plaintiff failed to properly exhaust this claim *before* bringing it in federal court. *See, e.g.*, *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975) ("We have previously

recognized that the doctrine of administrative exhaustion should be applied with a regard for the particular administrative scheme at issue. Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." (citations omitted)); *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) (finding dismissal proper when the plaintiff "failed to exhaust his administrative remedies *before* he 'brought' his section 1983 suit" (emphasis added)).

The Social Security Administration first denied Plaintiff's request to have his name changed on his Social Security card on September 30, 2017. (ECF No. 1 at 5.) Plaintiff then filed for reconsideration of that decision on October 23, 2016. (ECF No. 8 at 2.) After he Plaintiff filed for reconsideration but *prior* to the Social Security Administration's decision denying his request for reconsideration, Plaintiff filed his original complaint in this case and his amended complaint. (ECF Nos. 1, 6.)[2] As evidenced by the decision of the Social Security Administration denying Plaintiff's

---

[2] Plaintiff filed his original complaint on November 6, 2017, and his amended complaint on November 30, 2017.

request for reconsideration—a copy of which is attached to Plaintiff's objections—the Social Security Administration did not dismiss Plaintiff's Reconsideration until December 22, 2017—more than one month *after* Plaintiff initiated this case. (ECF No. 8 at 2.) Because Plaintiff had not received the final decision from the Social Security Administration denying his request for reconsideration until after Plaintiff filed is complaint, Plaintiff had not exhausted his claim before bringing this lawsuit.

Yet even if Plaintiff had exhausted his claim before filing his complaint in this case, Plaintiff's amended complaint would still be subject to dismissal for failure to state a claim against Ms. Louder for discriminating against Plaintiff by denying his application for a name change on his Social Security card.

To the extent Plaintiff is requesting damages from Ms. Louder based on discrimination, Plaintiff has failed to allege any facts to support his allegation of discrimination. In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court held that "a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct." *Bivens*, 403 U.S. at 389. In other words, "federal officials may be sued in their individual capacities for violations of an individual's

constitutional rights." *Id.* (citing *Bivens*, 403 U.S. at 397). "Thus, under *Bivens*, 'a plaintiff must show that he or she was deprived of a federal right by a person a citing under color of [federal] law.'" *Jallali v. Am. Osteopathic Ass'n*, 461 F. App'x 838, 840 (11th Cir. 2012) (quoting *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001)).[3]

For starters, Plaintiff has failed to properly assert what federal right Ms. Louder violated. Instead, Plaintiff states that Ms. Louder violated Articles 6 and 21 of UNDRIP, which is not legally binding authority, *see Gonzalez v. Ocwen Home Loan Servicing*, 74 F. Supp. 3d 504, 519 (D. Conn. 2015) (noting that the plaintiff "misconstru[ed] a United Nations declaration as a legally binding authority"),[4] and the Ninth and Tenth Amendments, which are inapplicable to Plaintiff's claims.

Even liberally construed, Plaintiff's only potential claim is his allegation: "The tribal court order I submitted with my application for the name change was denied based in descrimination [sic] of my national

---

[3] Notably, "[w]hile a plaintiff may bring a *Bivens* action against a federal officer in his individual capacity, a plaintiff may not bring a *Bivens* action against a federal agency or a federal officer acting in his official capacity." *Horne v. Soc. Sec. Admin.*, 359 F. App'x 138, 143 (11th Cir. 2010) (citing *Corr. Servs. Corp. V. Malesko*, 534 U.S. 61, 71 (2001)). Therefore, to proceed in this case against Ms. Louder for damages, he would have needed to sue her in her individual capacity for those damages.

[4] In Plaintiff's objections, he also lists Articles 8 and 37 of UNDRIP. (ECF No. 8 at 1.) These are also not legally binding authority for this Court to follow.

origins, as based on the Social Security Administration's website, their policy accepts U.S. Tribal Court orders." (ECF No. 6 at 5.) However, the attachments to Plaintiff's original complaint and his objections contradict this allegation of discrimination. (*See* ECF No. 1 at 5; ECF No. 8 at 2.)

In denying Plaintiff's request for a new Social Security card, the Social Security Administration stated,

> We cannot issue you a Social Security card at this time because: Documents presented do not meet the definition of a court ordered name change document. In order to qualify as such, you must apply through the Courts for a legal name change. Since the documents presented are only registered with the courthouse, they are not legal name change documents. Documents presented must be issued from either of the circuit courts of the United States of America.

(ECF No. 1 at 5.) Thus, although Plaintiff says that the Social Security Administration's decision not to change his name on his social security card based upon the "tribal court order" was discriminatory, the Social Security notices instead reflect that Social Security denied Plaintiff's documents because they "are only registered with the courthouse, they are not legal name change documents." (*Id.*)

Additionally, Social Security dismissed Plaintiff's request for reconsideration because "there is no issue to appeal based on the notice dated 09/30/2017," which is the notice discussed above. (ECF No. 8 at 2.) Social Security expressly stated in the dismissal of Plaintiff's

reconsideration "If you need to change your name on your Social Security card, you must show us proof of identity and proof of your legal name change." (*Id.*) Social Security further advised Plaintiff that acceptable documents for proof of a legal name change include marriage documents, divorce decrees, naturalization certificates, and court orders approving a name change. (*Id.*)

Under the Social Security regulations, "If you wish to change the name or other personal identifying information you previously submitted in connection with an application for a Social Security number card, you must complete a prescribed application . . . . You must prove your identity, and you may be required to provide other evidence. (*See* § 442.107 for evidence requirements.)." 20 C.F.R. § 422.110 (2015). "Evidence of identity may consist of a driver's license, identification card, school record, medical record, marriage record, passport, Department of Homeland Security document, or other similar evidence serving to identify you." 20 C.F.R. § 422.107(c)(1).

Two federal district courts addressing these requirements have found that "[r]equiring an individual to have a court ordered name change before changing the name on his Social Security card simply does not violate that individual's constitutional rights." *See Hall-El v. United States*, No. 1:11CV1037, 2013 WL 1346621, at *5 (N.D. N.C. Apr. 3, 2013); *see also*

*Jennings-El v. Soc. Sec. Admin.*, No. 1:07-cv-287, 2007 WL 1114237 (S.D. Ohio Apr. 12, 2007). In so concluding, the courts reasoned,

> The requirement that plaintiff obtain proper verification of his identity before a Social Security card may be issued does not deny plaintiff his right to use a name which reflects his nationality. It simply reflects legitimate governmental policies of reducing identity theft and ensuring fiscal responsibility. The verification requirement does not, to this Court's knowledge, violate plaintiff's constitutional rights.

*Jennings-El*, 2007 WL 1114237, at *2.

Further, under the internal policies of the Social Security Administration as documented in the Program Operations Manual System ("POMS"), a legal name of an individual born in the United States "is the name shown on his or her U.S. birth certificate . . . unless the person's name has changed based on certain events, such as a marriage or a valid court order for a name change." POMS RM 10212.001. POMS also includes a long list of events that provide a basis for a name change that may be used for a name change on a Social Security card, including a U.S. court order for a name change and a U.S. Tribal document. *See* POMS RM 10212.010; RM 10212.080; RM 10212.099. However, "[a]ll documents submitted for a name change must be reviewed under the SSN evidence guidelines described in RM 10210.210." POMS RM 10212.010.

Thus, although the Social Security Administration's internal

guidelines provide that a "U.S. Tribal document" *may* provide evidence of a valid name change, any such documentary evidence must meet the evidence guidelines—not every "tribal court order" will suffice. When the Social Security Administration reviewed the documentary evidence Plaintiff submitted as evidence of a name change, it found that "they are not legal name change documents." (ECF No. 1 at 5.) Such a finding is not evidence of discrimination; it is evidence of strict identity-verification guidelines. And as discussed above, requiring a legal name change and proper verification of such is not a violation of Plaintiff's constitutional rights.

Because Plaintiff's factual allegations do not—and cannot—support a claim that Ms. Louder discriminated against Plaintiff or violated any of Plaintiff's federal statutory or constitutional rights and because Plaintiff failed to exhaust the administrative procedures prior to filing his complaint, the Court finds that any additional amendment to his complaint would be futile. Plaintiff's complaint should therefore be dismissed.

Accordingly, it is respectfully **RECOMMENDED** that:

Plaintiff's amended complaint, ECF No. 6, should be **DISMISSED without prejudice**, and the case closed.

**IN CHAMBERS** this 18th day of January 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**